In the Matter of USE TAX ASSESSMENT NO. 32950 of the State Board of Equalization against Kansas-Nebraska Natural Gas Company, Inc., Docket No. 359 of the State Board of Equalization.

STATE BOARD OF EQUALIZATION of the State of Wyoming, Appellant (Respondent below),

v.

KANSAS–NEBRASKA NATURAL GAS COMPANY, Inc., a corporation, Appellee (Petitioner below).

No. 3945.

Supreme Court of Wyoming.

Dec. 29, 1971.

James E. Barrett, Atty. Gen., and Robert J. Oberst, Special Asst. Atty. Gen., Cheyenne, for appellant.

E. J. Jackson, Hastings, Neb., Kline, Tilker & Lynch and Arthur Kline, Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This case was originally before us in State Board of Equalization v. Kansas-Nebraska Natural Gas Company, Wyo., 457 P. 2d 963, the board there having appealed from the holding of the district court that its tax assessment upon Kansas-Nebraska for materials and supplies used for an absorption plant was invalid. This court after observing that in the light of the parties' concessions and contentions the issue was narrow, i. e., Did primary purpose control the exemption, and if so, what was the primary purpose of the absorption plant, instructed the trial court to return the proceeding to the board for the purpose of

making findings of fact and conclusions of law or, if the board so determined, for re-hearing, 457 P.2d at 965. After the return of the matter to the board, Kansas-Nebras-ka petitioned for reconsideration so that it could have a hearing on the "issue" de-lineated by this court, but the board denied its request, indicating that testimony had been presented theretofore as to the pur-pose or purposes of the plant as well as argument on the matter of legal effect of primary purpose. Following further con-sideration of the previous testimony, evi-dence, and record, the board made findings and in its conclusions stated:

"That the absorption plant * * * was constructed for the purpose of bringing the natural gas within the specifications required by Kansas-Nebraska Natural Gas Company, Inc. for distribution and use by its ultimate consumers, and that any benefits to the interstate transporta-tion of the natural gas necessarily and incidentally followed therefrom.

"That the materials and supplies used and consumed in the construction of the absorption plant * * * were not used or to be used in operating or maintaining interstate transportation, and were not therefore exempt from use tax by virtue of Section 39–312(b), Wyoming Statutes 1957 [providing for exemption from use tax of property "which is used or to be used in operating or maintaining inter-state transportation"]."

Accordingly, relief was again denied to Kansas-Nebraska and appeal was taken to the district court, which inter alia found that the board's order was not in conformi-ty with law, that the conclusions were not supported by any specific findings or sub-stantial evidence, and that the decision was arbitrary and characterized by abuse of dis-cretion. The court vacated and set aside the board's order, instructing it to refund the tax paid by Kansas-Nebraska. This appeal has resulted, it being the position of the board that the district court erred in its findings and in substituting its judg-ment on the evidence for that of the board.

■ The board now agrees that the le-gal doctrine of "primary use" is not proper-ly applicable to the instant case since that doctrine comes into play only in situations where there is more than one distinct and independent use,[1] although admitting that its reasoning here is obviously similar in most respects to that of the primary use doctrine because the basic, primary reason or purpose for using the property in a cer-tain manner controls rather than an inci-dental, dependent, and unavoidable result of such use,[2] and there is no indication that the Wyoming legislature intended by § 39–312(b) to include for exemption the use of any property other than the actual imple-ments of transportation plus property which has the *basic function* of keeping such implements of transportation in op-eration.

Kansas-Nebraska responds that § 8–18, W.S.1957, provides that words and phrases "shall be taken in their plain or ordinary and usual sense," and hence when § 39–312 (b) says "Property * * * which is used or to be used in operating or maintaining interstate transportation" shall be exempt from the tax, without qualifying or limit-ing words (such as those found in § 39–7, W.S.1957 (1971 Cum.Supp.) ), it could on-ly have intended that property so used not be taxed even though also used for some other purpose. The company further points out that Ohio is the only jurisdiction in which the doctrine of primary purpose has been applied in sales, use, or excise tax cases.

Detailed analysis of the board's compre-hensive arguments as to reasons the trial court should be reversed is not warranted

---

1. Michigan Allied Dairy Ass'n v. Auditor General, 302 Mich. 643, 5 N.W.2d 516, and Bruce Motor Freight, Inc., v. Lauter-bach, 247 Iowa 956, 77 N.W.2d 613, are cited as illustrations.

2. Respondent cites various Ohio cases, in-cluding Mead Corporation v. Glander, 153 Ohio St. 539, 93 N.E.2d 19.

since even were we to accept the board's thesis, there is no reasonable basis in the record for a holding that benefits to the interstate transportation of the natural gas were merely incidental.

At the hearing before the board, three witnesses had appeared, all officers of the company, and testified in detail as to the whys of building the absorption plant. They clearly delineated the damage by sulphur to the pipeline and associated equipment as well as the dangers of the presence of liquids in low spots of the pipeline. It was also patent that it was the desire of the company to provide a more satisfactory gas for consumer consumption than had previously been provided. The present findings of the board implicitly, and the argument of its counsel now before us specifically, indicate that when these witnesses testified the plant to have been necessary so that the gas could be both economically and safely transported the board considered that portion of their testimony "not creditable" and not "worthy of adoption," but nevertheless based its findings and conclusions on other portions of these same witnesses' testimony. Under the situation here such was improper. The rule that the credibility of witnesses is for the trier of fact does not mean that such trier may under the guise of passing upon the credibility of a witness disregard his testimony when from no reasonable point of view is it open to doubt. Chesapeake & Ohio Railway Company v. Martin, 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983, 988; 58 Am.Jur. Witnesses § 864. In this area of the law the circumstances are so varied as not to admit of absolute pronouncements except as applied to a particular matter at hand and especially is this true when reviewing courts resolve appeals from an administrative agency. Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 98 L.Ed. 132; National Labor Relations Board v. Walton Manufacturing Co., 369 U.S. 404, 408, 82 S.Ct. 853, 7 L.Ed.2d 829; Davis, Administrative Law Treatise, § 29.06 (1970 Supp.). Even so, we find in the present record no valid basis for the board's rejecting a portion of the uncontradicted and unimpeached evidence presented by the company officials when other portions of their evidence were accepted and utilized as a foundation for the order. We are, therefore, constrained to agree with the trial court that the decision of the board was arbitrary in its failure to make findings and consider the evidence before it relating to the use of the plant in interstate transportation without explanation or expressed reason.

Affirmed.